UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 8, 2018

LETTER TO COUNSEL

RE: *Jamaleddine C. v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-18-203

Dear Counsel:

On January 23, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF 1). I have considered the parties' cross-motions for summary judgment. (ECF 12, 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed his claims for benefits in August, 2013, alleging a disability onset date of January 1, 2009. (Tr. 194-209). His claims were denied initially and on reconsideration. (Tr. 112-19, 124-27). A hearing was held on August 19, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 36-75). Following the hearing, on November 9, 2016, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19-29). On September 7, 2017, the Appeals Council granted Plaintiff's request for review. (Tr. 189-194). After reviewing the record, the Appeals Council "adopt[ed] the [ALJ's] findings or conclusions regarding whether [the Plaintiff] is disabled . . . [and] agree[d] with the [ALJ's] findings under steps 1, 2, 3, 4 and 5[.]" (Tr. 4). The Appeals Council supplemented the ALJ's findings with a consideration of the medical opinion of Dr. Jeeven Errabolu, and a discussion of the effects of Plaintiff's mental impairment on his functional limitations. (Tr. 4-5). The Appeals Council's decision therefore constitutes the final, reviewable decision of the Agency.[2]

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] While the Appeals Council's decision is the final administrative decision in this case, this opinion refers to the ALJ's opinion to the extent that it was adopted by the Appeals Council.

The Appeals Council found that Plaintiff suffered from the severe impairments of "dysthymic disorder and osteoarthritis." (Tr. 7). Despite these impairments, the Appeals Council determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work, except he can frequently climb ramps or stairs, occasionally climb ladders, ropes or scaffolds, frequently stoop, kneel, crouch or crawl. Can frequently handle and finger bilaterally, must avoid concentrated exposure to extreme cold and vibration and is limited to occasional interaction with the public and coworkers.

(Tr. 7). The Appeals Council determined that Plaintiff could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 7).

Plaintiff raises three arguments on appeal: (1) that the SSA committed error by not having a qualified psychiatrist or psychologist review Plaintiff's case; (2) that the Appeals Council wrongly "rejected" the opinion of Dr. Errabolu; and (3) that the vocational expert ("VE") failed to explain a conflict in the VE's testimony regarding the definition of the term "frequently." Pl. Mot. 7-10. Plaintiff's arguments lack merit for the reasons discussed below.

First, Plaintiff contends that the SSA had an obligation under 42 U.S.C. § 421(h) to have a qualified psychiatrist or psychologist review Plaintiff's case. Pl. Mot. 7-8. That section of the U.S. Code provides that:

> An initial determination under subsection (a), (c), (g) or (i) shall not be made until the Commissioner of Social Security has made every reasonable effort to ensure . . . in any case where there is evidence which indicates the existence of a mental impairment, that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

42 U.S.C. § 421(h). The obligation of subsection (h) does not apply to an ALJ or the Appeals Council when an individual appeals a denial of benefits, because those hearings are governed by subsection (d), not subsections (a), (c), (g), or (i). *See* 42 U.S.C. §§ 421(a), (c), (d), (g), (i). However, the ALJ and the Appeals Council do have a duty to "develop evidence regarding the possibility of a medically determinable mental impairment when [the Agency has] information to suggest that such an impairment exists." 20 C.F.R. §§ 404.1529(b), 416.929(b). Regulations provide that a consultative examination may be purchased where the SSA lacks sufficient evidence to reach a conclusion about disability. *See* 20 C.F.R. §§ 404.1519a(a); 416.919a(a).

Here, the Appeals Council's and ALJ's opinions do not reflect an absence of sufficient medical information to permit a decision to be made. At the hearing before the ALJ, Plaintiff's counsel submitted medical records from Plaintiff's mental health examinations at Community Behavioral Health. (Tr. 39, 687-717). In his decision, the ALJ discussed the records from those examinations showing Plaintiff's "attention and concentration were intact and not impaired," that

he "had a cooperative attitude and behavior," and that his appearance was appropriate. (Tr. 25). There is no support in the record for Plaintiff's argument that the Appeals Council decision consisted of "[m]edical findings by lay agency personnel." Pl. Mot. 7. To the extent that Plaintiff argues the SSA erred at the initial and reconsideration levels by failing to have a psychiatrist or psychologist review the case, this Court only has jurisdiction to review the final decision of the SSA, not earlier decisions. *See* 42 U.S.C. § 405(g). Accordingly, there was no requirement that the Appeals Council or ALJ order a consultative examination to further develop the mental health medical record.

Second, Plaintiff argues that the Appeals Council wrongly "rejected" the opinion of Dr. Errabolu, because there were "no treatment notes to document [Dr. Errabolu's] treatment of [the Plaintiff] back to 2014." Pl. Mot. 8-9. However, the Appeals Council assigned "no weight" to Dr. Errabolu's opinion because it was inconsistent with the medical evidence in the record. (Tr. 5). The Appeals Council specifically cited to the consultative examination records from Dr. Christian Jensen and Dr. Melanie Montemayor, as well as objective medical imaging results, that were inconsistent with Dr. Errabolu's opinion. Therefore, the Appeals Council's explanation for the assignment of weight to Dr. Errabolu's opinion evidence was sufficient, and does not warrant remand.

Third, Plaintiff argues that the VE offered conflicting testimony regarding whether a hypothetical individual limited to only "frequent handling and fingering" could perform the jobs identified by the VE. The VE testified that the hypothetical person with the Plaintiff's RFC could work as a "mold filler," "blending machine attender," and "fill room attendant." (Tr. 68-69). When Plaintiff's counsel questioned the VE about the limitation on handling or fingering, the VE expressed some confusion, saying, "I'm not sure how you're crafting that [question]. But if they were idle from handling or fingering for a third of the weekday at a continuous period," the hypothetical person could not do the specified jobs. (Tr. 74). Plaintiff does not offer a definition from either the Dictionary of Occupational Titles ("DOT") or the SSA to suggest that "frequent" means a "continuous" limitation for one-third of a workday. Rather the SSA generally defines "frequent" as "occurring from one-third to two-thirds . . . of a workday," SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983), and the DOT occupational definitions generally describe "frequently" as "exist[ing] from 1/3 to 2/3 of the time," *see, e.g.*, U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 556.687-030, Mold Filler (4th ed. 1991), 1991 WL 683505. The VE's testimony established that Plaintiff could meet those requirements. Therefore, Plaintiff's contention that the VE offered conflicting testimony is without merit.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF 12) is DENIED and Defendant's Motion for Summary Judgment (ECF 13) is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge